UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINITY MILFORD MATTHISEN,

        Petitioner,                      Case No. 1:08-cv-1137

v.                                            Honorable Robert J. Jonker

SHIRLEE HARRY,

        Respondent.
        _____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is incarcerated in the Muskegon Correctional Facility. He was convicted in the Calhoun County Circuit Court of assault with intent to commit murder, being a felon in possession of a firearm and possession of a firearm during the commission of a felony. On November 5, 2003, the trial court sentenced him to imprisonment of 40-70 years for the assault conviction, 57-120 months for the felon-in-possession conviction and two years for the felony-firearm conviction. On January 14, 2004, the Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case for correction of the judgment of sentence. The Michigan Supreme Court denied his application for leave to appeal on October 31, 2005.

Petitioner filed a motion for relief from judgment on December 16, 2006. The trial court denied the motion on January 16, 2007. Petitioner attempted to file an application for leave to appeal in the Michigan Court of Appeals, but it was dismissed as untimely because Petitioner failed to file the application within the twelve-month time period required by MICH. CT. R. 7.205(F)(3). On July 9, 2008, the court of appeals denied Petitioner's motion for reconsideration. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which was denied on November 25, 2008, because the Court was not persuaded that the questions presented warranted review.

Petitioner filed the instant habeas corpus action on or about December 2, 2008.[1] He raises eight grounds for habeas corpus relief.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on December 2, 2008, and it was received by the Court on December 4, 2008. Thus, it must have been handed to prison officials for mailing at some time between December 2 and 4. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31, 2005. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 30, 2006. Absent tolling, Petitioner had one year, until January 30, 2007, to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The statute of limitations was tolled by the filing of Petitioner's motion for relief from judgment on December 16, 2006. At that time, Petitioner had forty-five days remaining in the limitations period. The trial court denied Petitioner's motion on January 16, 2007. Petitioner had one year in which to filed an application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.502(F)(3). Petitioner attempted to file an application for leave to appeal in the court of appeals, but it was dismissed as untimely. A motion is not "properly filed" when the state court dismisses it as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state post-conviction filings). Moreover, a petitioner may not challenge the state court's determination of timeliness. *See*

Case 1:08-cv-01137-RJJ-HWB   ECF No. 4 filed 01/15/09   PageID.45   Page 5 of 8

*Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771. "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice." *Id.* at 771; *see also Vroman*, 2003 WL 22170195, at *4. Thus, Petitioner's application for leave to appeal was not "properly filed" in the Michigan Court of Appeals.

An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002). Because Petitioner failed to properly file an appeal in the Michigan Court of Appeals his application for post-conviction relief no longer was pending after the expiration of the one-year period for filing an application for leave to appeal. The trial court denied Petitioner's motion on January 16, 2007, so the limitations period began to run on January 16, 2008. Petitioner had forty-five days remaining in the limitations period, until March 3, 2008, in which to file his habeas petition. Petitioner filed his habeas application no earlier than December 2, 2008, nearly eight months after the statute of limitations expired. Consequently, the petition is time-barred.[3]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner

---

[3]Because Petitioner's application for leave to appeal was dismissed as untimely by the Michigan Court of Appeals it is unclear whether Petitioner's motion for post-conviction relief achieved "final resolution" on January 16, 2008, or whether his subsequent application for leave to appeal in the Michigan Supreme Court constituted a properly filed application for collateral review for purposes of § 2244(d)(2). Assuming that the filing of his application for leave to appeal filed in the supreme court on August 29, 2008, was a properly filed application for collateral review, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Petitioner's one-year period expired on March 3, 2008, thus, his application for leave to appeal filed on August 29, 2008, could not serve to revive the limitations period.

bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner contends that his application for leave to appeal the denial of his motion for relief from judgment was untimely filed in the Michigan Court of Appeals because prison officials delayed making copies of his pleading. Petitioner contends that he completed the application on January 20, 2008 and presented it to prison officials for copying. Petitioner alleges that he had to make a total of four requests and waited three weeks for the copies to be made. According to the Michigan Court of Appeals' docket record, the court received Petitioner's application on February 15, 2008 and it contained a proof of service date of February 12, 2008. Petitioner claims that his filing deadline was February 7, 2008, although the correct date appears to be January 16, 2008, one year after the circuit court issued the order denying Petitioner's motion for relief from judgment. Thus, Petitioner did not complete his application until after the time for filing had expired. Even accepting February 7 as the correct filing deadline, Petitioner failed to diligently pursue his rights by waiting until January 20 to present his application for copying. Prisoners must expect reasonable delays for copies and mail to be processed. While three weeks is pushing the

limits of a reasonable delay, Petitioner has an entire year in which to prepare and file his application for leave to appeal. Thus, the Court cannot find that an "extraordinary circumstance" stood in his way. Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  January 15, 2009                                         /s/ Hugh W. Brenneman, Jr.
                                                                 HUGH W. BRENNEMAN, JR.
                                                                 United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).