UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINITY MILFORD MATTHISEN,

       Petitioner,

                                                CASE NO. 1:08-cv-1137

v.

                                                HON. ROBERT J. JONKER

SHIRLEE HARRY,

       Respondent.

_____/

## ORDER AND JUDGMENT ADDRESSING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4), and Petitioner's objection to it (docket # 9). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Petitioner's habeas petition be summarily dismissed as time-barred. Petitioner objects to the Magistrate Judge's computation of the applicable

statute of limitations, and to the Magistrate Judge's determination that equitable tolling does not save Petitioner's untimely filing. This Court agrees with the Magistrate Judge's conclusion that Petitioner's habeas petition is untimely. However, on this record, the Court is not prepared to dismiss summarily Petitioner's claim that equitable tolling of the applicable limitations period may apply. A final decision on equitable tolling should be made, if necessary, on a more developed factual record in this case.[1]

## I. The One-Year Statute of Limitations Requirement

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a state prisoner shall have one year from the date of final conviction to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A); *Evans v. Chavis*, 546 U.S. 189, 191 (2006). The one-year limitations period is tolled while the prisoner's "properly filed application for State post-conviction or other collateral review . . . is pending." *Evans*, 546 U.S. at 191 (quoting 28 U.S.C. § 2244(d)(2)). When a prisoner collaterally attacks a state court judgment through the state system, the AEDPA limitations period is tolled for the time between a lower state court's adverse determination and the prisoner's appeal to a higher state court only if the appeal to the higher state court is timely under state law. *Id.*

In November 2003, Petitioner was convicted in Michigan state court of assault with intent to commit murder and multiple gun crimes. Petitioner timely appealed his conviction and sentence to the Michigan Court of Appeals. The Court of Appeals affirmed his conviction, but remanded to the district court for re-sentencing. Petitioner applied for leave to appeal his conviction to the

---

[1] In light of his conclusion on the limitations issues, the Magistrate Judge has not yet had occasion to conduct a preliminary review of the merits of Petitioner's habeas claims. *See* Rule 4, RULES GOVERNING § 2254 CASES. Nothing in this Court's order precludes a full Rule 4 review of Petitioner's claims by the Magistrate Judge.

Michigan Supreme Court, but that court denied his application on October 31, 2005. Petitioner's convictions became final on January 30, 2006, the date of expiration of his limitations period for filing a petition for writ of certiorari with the United States Supreme Court. The AEDPA one-year statute of limitations ran from that date until December, 16, 2006, when Petitioner filed in state court a timely motion for post-conviction relief. The state trial court denied Petitioner's post-conviction motion on January 16, 2007, and denied his subsequent motion for reconsideration three weeks later.

Petitioner prepared to appeal the trial court's post-conviction decision to the Michigan Court of Appeals. According to Petitioner, he had all the materials ready and in the hands of state prison officials for copying three weeks before the appeal deadline.[2] Ultimately, Petitioner's filing in the Michigan Court of Appeals was one week late. But according to Petitioner, this was solely because state prison officials negligently or intentionally delayed his copy job for over three weeks, thereby effectively impeding his access to the courts. Had Petitioner been able to file a timely appeal, his limitations period for federal habeas claims would have remained tolled until completion of the state appeals process. *Evans v. Chavis*, 546 U.S. 189, 191 (2006). In this case, that process ended on November 25, 2008, when the Michigan Supreme Court finally denied Petitioner any relief on his post-conviction claim. One week later, Petitioner filed his habeas petition in this court.

The habeas petition would have been timely if Petitioner's state appeal had also been timely. *See id.* It was not, and the Magistrate Judge concluded that Petitioner's federal habeas clock

---

[2] Petitioner's computation of the state post-conviction appeal deadline differs from the Magistrate Judge's computation. The Magistrate Judge did not credit Petitioner with filing a motion for reconsideration in the state trial court. But under MICH. CT. R. 7.205(F)(3), the time period to appeal a decision of the trial court does not begin to run until after the trial court disposes of a timely motion for reconsideration filed under MICH. CT. R. 7.204(A)(1)(b). Consequently, it appears that Petitioner's computation of the relevant state law appeal period is correct.

resumed as soon as his appeal period expired in the state court.[3] Petitioner objects, arguing that because his motion for post-conviction relief was timely in the state trial court, the AEDPA limitations period remained tolled throughout his exhaustion of his efforts in the state system, including his tardy appeal. Petitioner's argument is that his post-conviction papers were "properly filed" because his original application was timely and his later appeal would have been timely but for the unreasonable delay imposed by state prison officials. *Cf.* 28 U.S.C. § 2244(d)(2). Petitioner's argument is facially plausible, but legal incorrect under controlling case law. "Only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (emphasis in original); *see also Carey v. Saffold*, 536 U.S. 214, 225 (2002). Petitioner concedes that his appeal to the Michigan Court of Appeals was untimely, if only because of state prison officials' delay in photocopying his materials. (*See* Petitioner's Objections, docket # 9, at 3-4, 6.) Under *Evans*, Petitioner's AEDPA limitations period resumed when his state law appeal period expired because, at that moment, his post-conviction motion no longer was "pending" in the state court. *See* 546 U.S. at 200-01; 28 U.S.C. § 2244(d)(2). As a consequence, Petitioner's one-year deadline lapsed long before he filed his federal habeas petition with this Court. *See id.*

## II. Equitable Tolling

Petitioner argues his failure to comply with AEDPA should be excused by the doctrine of equitable tolling because his tardiness in the Michigan Court of Appeals was solely a result of state prison officials' intentional or negligent delay in photocopying his appeal papers. (Petitioner's

---

[3] Petitioner's application for leave to appeal in the Michigan Supreme Court did not impact his AEDPA deadline because the federal habeas period already had expired by the time Petitioner sought leave to appeal. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

4

Objections, docket # 9, at 5-8.) According to Petitioner, he submitted his appeal papers to state prison officials for photocopying on January 20, 2008, almost three weeks before his state law deadline to file an appeal of the trial court's denial of his motion for post-conviction relief. (Habeas Petition, docket # 1, Exhibit 1.) Petitioner did not receive any response from the prison officials, and was forced to make three additional written requests for photocopying before he finally received his copies. Because of the prison officials' delay, Petitioner's appeal was untimely, and the Michigan Court of Appeals dismissed it on that ground without reaching the merits of Petitioner's claims.

A party seeking equitable tolling must establish that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotations omitted). Accepting as true all facts in the petition, the Court is not prepared at this time to conclude that "it plainly appears from the face of the petition" that Petitioner is not entitled to equitable tolling. Rule 4, RULES GOVERNING § 2254 CASES; *see also Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (discussing the standard of review for habeas petitions). Accordingly, summary dismissal under Rule 4 is inappropriate. Plaintiff may or may not be able to demonstrate that equitable tolling applies here, but the Court will be able to make that final determination on a more complete factual record.

The Court emphasizes that this is a very narrow and limited ruling. In this case, the Petitioner appears to have engaged in a studied and diligent effort to protect his constitutional claims in state court. He properly but unsuccessfully pursued his rights on direct appeal. He then proceeded to his state post-conviction remedies, which he needed to exhaust before coming to federal court. *See* 28 U.S.C. § 2254(b)(1). His original post-conviction motion and subsequent motion for reconsideration were timely in the trial court. Based on Petitioner's sworn statements, his appeal

5

would also have been timely but for the delinquency of state prison officials. Moreover, Petitioner planned carefully to build in reasonably sufficient lead time–three weeks–for prison officials to handle his copying job. Petitioner also articulates a facially plausible, albeit legally erroneous, theory for believing that his ongoing efforts in the state system continued to toll his federal limitations period. Ultimately, he filed in federal court just one week after the Michigan Supreme Court denied him leave to appeal, thus validating by prompt action his genuine, albeit mistaken, belief that he was proceeding as required. Indeed, under AEDPA and the applicable United States Supreme Court authority, Petitioner's federal limitations period would have been tolled while he pursued his rights all the way through the state court system, if only his appeal had been timely in the Michigan Court of Appeals. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

According to Petitioner, the sole reason for his delay in the Michigan Court of Appeals was the neglect or intentional delay of almost three weeks by state prison officials. (*See* Petitioner's Objections, docket # 9, at 5-8.) Though the Magistrate Judge rejected equitable tolling, he did recognize that, if Petitioner can prove these allegations, and if the other facts developed support Petitioner, he may be entitled to equitable tolling. (*See* Report and Recommendation, docket # 5-6); *Cf. Valverde v. Stinson*, 224 F.3d 129, 135-136 (2d Cir. 2000) ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law."); *Bounds v. Smith*, 430 U.S. 817 (1977) (explaining the scope of a prisoner's constitutional right of access to the courts). The uncontested averments in Petitioner's petition are sufficient to raise at least a plausible claim to equitable tolling, and therefore summary dismissal under Rule 4 is inappropriate at this time. *See id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

6

Petitioner's ultimate entitlement to equitable tolling should be determined on a more fully-developed factual record.[4]  *See Valverde,* 224 F.3d at 135; *Cf.* Rule 4, RULES GOVERNING § 2254 CASES.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on January 15, 2009, is approved in part and rejected in part, consistent with this Order.

                                                          /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2009

---

[4] Of course, it may ultimately be unnecessary to resolve the equitable tolling issue if, after addressing the merits of Petitioner's habeas petition in the Rule 4 screening process, the Magistrate Judge determines that "it plainly appears from the petition and any attached exhibits that [Petitioner] is not entitled to relief in the district court."  *See* Rule 4, RULES GOVERNING § 2254 CASES.  Then Petitioner's habeas petition may be subject to dismissal on other grounds.  Moreover, even if the Magistrate Judge determines service is appropriate, the State may respond by presenting evidence or argument showing that Petitioner is not entitled to equitable tolling, or the State may otherwise attempt to show that habeas relief is unwarranted on the merits.