UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRINITY MILFORD MATTHISEN,

       Petitioner,

v.                                                              Case No. 1:08-cv-1137
                                                                Hon. Robert J. Jonker

SHIRLEE A. HARRY,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Trinity Milford Matthisen, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**    **Background**

Following a jury trial in Calhoun County, petitioner was convicted of assault with intent to murder, M.C.L. § 750.83, felon in possession of a firearm, M.C.L. § 750.224f, and three counts of possession of firearm during commission of a felony, M.C.L. § 750.227b (felony-firearm). *People v. Matthisen*, No. 253295, slip op. at 1 (Mich. App. March 15, 2005) (docket no. 27). Petitioner was sentenced as a third habitual offender pursuant to M.C.L. § 769.11 to 40 to 70 years imprisonment for his assault conviction, 57 months to 120 years imprisonment for his felon in possession of a firearm conviction, and two years imprisonment for each felony-firearm conviction (which run concurrently to each other, but consecutively to petitioner's other sentences). The Michigan Court of Appeals affirmed the convictions and the Michigan Supreme Court denied petitioner's application for leave to appeal. *See id.*; *People v. Matthisen*, No. 128977 (Mich. Oct. 31, 2005).

Petitioner filed a combined motion for relief from judgment pursuant to MCR 6.500 *et seq.* and motion for appointment of counsel, which the trial court denied on January 16, 2007. *See* Motion (docket no. 29); Calhoun County Cir. Ct. Docket Sheet (entry no. 93) (docket no. 19). The court denied the motion for relief from judgment because petitioner failed to show good cause for raising new issues under MCR 6.508 and denied the motion to appoint counsel as untimely under MCR 6.43. *See* order denying defendant's motion for relief from judgment and appointment of attorney (Calhoun County Cir. Ct. Jan. 16, 2007) (docket no. 30). Petitioner filed a motion for reconsideration, which the trial court denied on February 7, 2007. *See* Calhoun County Cir. Ct. Docket Sheet (entry nos. 94 and 95).

Petitioner filed a delayed application for leave to appeal the February 7, 2007 order with the Michigan Court of Appeals, which that court docketed on February 15, 2008.[1] The appellate court dismissed the delayed application as untimely:

> The delayed application for leave to appeal from the January 16, 2007, order denying defendant's motion for relief from judgment and appointment of counsel is DISMISSED. Appellant failed to file the application within the time period required by MCR 7.205(F)(3), and the exceptions found in MCR 7.205(F)(4) are inapplicable.

*People v. Matthisen*, No. 283679 (Mich. App. April 9, 2008) (docket no. 30).

The version of MCR 7.205(F)(3) in effect at the time petitioner filed his appeal[2] allowed for the filing of a late appeal with the following limitations:

> Except as provided in subrule (F)(4), leave to appeal may not be granted if an application for leave to appeal is filed more than 12 months after the later of:

---

[1] The filing stamp on the Michigan Court of Appeals transcript (docket no. 30) is illegible. The court obtained the filing date from the Michigan Court of Appeals docket sheet for *People v. Matthisen*, No. 286379, available at http://coa.courts.mi.gov .

[2] MCR 7.205 (amended March 28, 2006, effective May 1, 2006).

>       (a) entry of a final judgment or other order that could have been the subject of an appeal of right under MCR 7.203(A), but if a motion described in MCR 7.204(A)(1)(b) was filed within the time prescribed in that rule, then the 12 months are counted from the entry of the order denying that motion; or
>
>       (b) entry of the order or judgment to be appealed from, but if a motion for new trial, a motion for rehearing or reconsideration, or a motion for other postjudgment relief was filed within the initial 21-day appeal period or within further time the trial court may have allowed for good cause during that 21-day period, then the 12 months are counted from the entry of the order deciding that motion.

MCR 7.205(F)(3).

The version of MCR 7.205(F)(4) in effect when petitioner filed his appeal provides a number of exceptions to the limitations as set forth in MCR 7.205(F)(3):

> (4) The limitation provided in subrule (F)(3) does not apply to an application for leave to appeal by a criminal defendant if the defendant files an application for leave to appeal within 21 days after the trial court decides a motion for a new trial, for directed verdict of acquittal, to withdraw a plea, or to correct an invalid sentence, if the motion was filed within the 6-month time provided in MCR 6.310(C), 6.419(B), 6.429(B), and 6.431(A), or if
>
>       (a) the defendant has filed a delayed request for the appointment of counsel pursuant to MCR 6.425(G)(1) within the 12-month period,
>
>       (b) the defendant or defendant's lawyer, if one is appointed, has ordered the appropriate transcripts within 28 days of service of the order granting or denying the delayed request for counsel, unless the transcript has already been filed or has been ordered by the court under MCR 6.425(G)(2), and
>
>       (c) the application for leave to appeal is filed in accordance with the provisions of this rule within 42 days after the filing of the transcript. If the transcript was filed before the order appointing or denying the appointment of counsel, the 42-day period runs from the date of that order.
>
> A defendant who seeks to rely on one of the exceptions in subrule (F)(4) must file with the application for leave to appeal an affidavit stating the relevant docket entries, a copy of the register of actions of the lower court, tribunal, or agency, or other documentation showing that the application is filed within the time allowed.

3

MCR 7.205(F)(4) (2008 ed.).

The Michigan Court of Appeals also denied petitioner's motion for reconsideration. *Id.* (July 9, 2008). Finally, the Michigan Supreme Court denied petitioner's application for leave to appeal the Michigan Court of Appeals' order of dismissal. *People v. Matthisen*, No. 137204 (Mich. Nov. 25, 2008) (docket no. 31).

Matthisen subsequently filed a petition for federal habeas relief. After screening the petition, the undersigned issued a report and recommendation to dismiss it as barred by the one-year statute of limitations. *See* Report and Recommendation (R & R) (docket no. 4); 28 U.S.C. § 2244(d)(1) and (2). In his objection to the R & R, petitioner sought equitable tolling of the statute of limitations, claiming that he "correctly identified the Court of Appeals filing deadline as February 7, 2008, which was one year from the date the trial court denied [his] timely motion for reconsideration of the denial of his 6.500 motion." Petitioner's Objection at p. 3 (docket no. 9). Petitioner further stated that MCR 7.205(F)(3)(b), "the rule that applies in this situation, clearly states that the one year filing period began on February 7, 2007 when the trial court denied Petitioner's timely motion for reconsideration." *Id.* After reviewing the objection, the court concluded that the deadline for petitioner's appeal appeared to be February 7, 2008 (based upon the motion for reconsideration decided on February 7, 2007) and declined to dismiss the habeas petition as untimely, holding out the possibility that petitioner could establish equitable tolling based upon his version of the events which preceded the filing of the petition:

> Petitioner argues his failure to comply with AEDPA should be excused by the doctrine of equitable tolling because his tardiness in the Michigan Court of Appeals was solely a result of state prison officials' intentional or negligent delay in photocopying his appeal papers. (Petitioner's Objections, docket # 9, at 5-8.) According to Petitioner, he submitted his appeal papers to state prison officials for photocopying on January 20, 2008, almost three weeks before his state law deadline

to file an appeal of the trial court's denial of his motion for post-conviction relief. (Habeas Petition, docket # 1, Exhibit 1.)  Petitioner did not receive any response from the prison officials, and was forced to make three additional written requests for photocopying before he finally received his copies.  Because of the prison officials' delay, Petitioner's appeal was untimely, and the Michigan Court of Appeals dismissed it on that ground without reaching the merits of Petitioner's claims.

A party seeking equitable tolling must establish that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotations omitted).  Accepting as true all facts in the petition, the Court is not prepared at this time to conclude that "it plainly appears from the face of the petition" that Petitioner is not entitled to equitable tolling.  Rule 4, RULES GOVERNING § 2254 CASES; *see also Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (discussing the standard of review for habeas petitions).  Accordingly, summary dismissal under Rule 4 is inappropriate.  Plaintiff [sic] may or may not be able to demonstrate that equitable tolling applies here, but the Court will be able to make that final determination on a more complete factual record.

The Court emphasizes that this is a very narrow and limited ruling. In this case, the Petitioner appears to have engaged in a studied and diligent effort to protect his constitutional claims in state court.  He properly but unsuccessfully pursued his rights on direct appeal.  He then proceeded to his state post-conviction remedies, which he needed to exhaust before coming to federal court.  *See* 28 U.S.C. § 2254(b)(1).  His original post-conviction motion and subsequent motion for reconsideration were timely in the trial court.  Based on Petitioner's sworn statements, his appeal would also have been timely but for the delinquency of state prison officials.  Moreover, Petitioner planned carefully to build in reasonably sufficient lead time – three weeks – for prison officials to handle his copying job. Petitioner also articulates a facially plausible, albeit legally erroneous, theory for believing that his ongoing efforts in the state system continued to toll his federal limitations period.  Ultimately, he filed in federal court just one week after the Michigan Supreme Court denied him leave to appeal, thus validating by prompt action his genuine, albeit mistaken, belief that he was proceeding as required. Indeed, under AEDPA and the applicable United States Supreme Court authority, Petitioner's federal limitations period would have been tolled while he pursued his rights all the way through the state court system, if only his appeal had been timely in the Michigan Court of Appeals.  *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

According to Petitioner, the sole reason for his delay in the Michigan Court of Appeals was the neglect or intentional delay of almost three weeks by state prison officials.  (*See* Petitioner's Objections, docket # 9, at 5-8.)  Though the Magistrate Judge rejected equitable tolling, he did recognize that, if Petitioner can prove these

>   allegations, and if the other facts developed support Petitioner, he may be entitled to equitable tolling. (*See* Report and Recommendation, docket # 5-6); *Cf. Valverde v. Stinson*, 224 F.3d 129, 135-136 (2d Cir. 2000) ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law."); *Bounds v. Smith*, 430 U.S. 817 (1977) (explaining the scope of a prisoner's constitutional right of access to the courts). The uncontested averments in Petitioner's petition are sufficient to raise at least a plausible claim to equitable tolling, and therefore summary dismissal under Rule 4 is inappropriate at this time. *See id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Petitioner's ultimate entitlement to equitable tolling should be determined on a more fully-developed factual record. *See Valverde*, 224 F.3d at 135; *Cf.* Rule 4, RULES GOVERNING § 2254 CASES.

*Id.* at pp. 4-7 (footnotes omitted).

## II.  Equitable Tolling

Respondent contends that petitioner is not entitled to equitable tolling. In her supplemental answer, respondent has provided a copy of the Michigan Department of Corrections (MDOC) Photocopy Disbursement Authorization related to petitioner's untimely appeal. *See* Disbursement authorization (docket no. 17-2). This document, submitted to the MDOC on February 12, 2008, reflects that petitioner requested a disbursement authorization of $39.50 on that date to photocopy "1 Court of appeals Brief and supporting documents." *Id.* On this disbursement form, petitioner advised the MDOC that the "Filing Deadline Date" for the brief was "Feb 19th 2008." *Id.* The photocopies were authorized and processed the same day, on February 12, 2008. *Id.* In her answer, respondent's counsel stated that this disbursement authorization "was the only one in Petitioner's file during the related time period." Supplemental Answer at p. 3 (docket no. 17).[3]

The Rule 5 materials reflect that petitioner filed a combined "Delayed application for leave to appeal," "Motion to remand for evidentiary hearing," "Motion to waive filing fee," and

---

[3] Respondent has not filed an affidavit supporting her statement that this was the "only" disbursement form or identifying the "relevant time period," but petitioner has not objected to the accuracy of this statement.

6

"proof of service" in the Michigan Court of Appeals. *See* Delayed Application and Motion to remand (docket no. 30). The motion for remand included an affidavit in support of a remand, both of which were signed and dated on February 12, 2008. *Id.* Petitioner also filed a document entitled "Affidavit of Trinity Milford Matthisen in support of motion to remand for evidentiary hearing." *See* Affidavit (docket no. 30). The affidavit was notarized on February 12, 2008. *Id.* Neither the affidavit nor the Delayed Application for Leave to Appeal explain the reasons for the petitioner's untimely application for leave to appeal. *See* Affidavit and Delayed Application (docket no. 30).

After the Michigan Court of Appeals denied the application for leave to appeal, petitioner moved for reconsideration on April 23, 2008. It was in this motion that petitioner first claimed that prison personnel caused him to file an untimely appeal:

> Here, the unreasonable delay by prison officials to afford [petitioner] an opportunity to make the necessary photocopies of his application and exhibits was the sole and exclusive cause of [petitioner's] failure to meet the February 7, 2008 filing deadline for his delayed application for leave to appeal.

Motion for reconsideration at ¶ 5 (docket no. 30). In an affidavit in support of the motion for reconsideration, petitioner stated in pertinent part as follows:[4]

> 2. One of the resources I have restricted access to is photocopying. In my present circumstances, in order to get photocopies made by prison officials, I am required to submit a written request for photocopies and then wait for prison officials to approve the request and schedule me for making the needed copies.
>
> 3. In this instance, my delayed application was completed and ready for photocopying on Sunday, January 20, 2008. On that date, I submitted my first request to prison officials for photocopying services. I did not receive a response to

---

[4] While petitioner referred to an affidavit in support of his motion for reconsideration filed in the Michigan Court of Appeals, no affidavit appears in the transcript of proceedings in that court. However, a copy of a verified declaration captioned for the Michigan Court of Appeals, entitled "Affidavit of Trinity Milford Matthisen," dated April 23, 2008, appears in the Michigan Supreme Court's transcript of petitioner's motion for leave to appeal to that court. *See People v. Matthisen*, No. 137204 (Mich.) (docket no. 31).

7

>  my first request for photocopying services and had to submit 3 more requests. It took nearly 3 weeks before prison officials scheduled me for photocopying services.
>
>  4.   By the time prison officials scheduled me for photocopying services, the February 7, 2008 deadline had already passed. As soon as I was scheduled and had my photocopies made, I immediately mailed to copies to this Court.
>
>  5.   If the prison officials had scheduled me for photocopying services within a reasonable time of my first request, my delayed application would have been received by this Court well before the February 7, 2008 filing deadline.
>
>  6.   I did not in any way intentionally delay the preparation or filing of my application for leave to appeal from the February 7, 2007 order of the Calhoun County Circuit Court . . .

*Id.*

Given this history, petitioner has not established grounds for equitable tolling. A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2562 (2010). The diligence required for equitable tolling purposes is "reasonable diligence" not "maximum feasible diligence." *Id.* at 2565. In the court's opinion, petitioner did not pursue his rights with "reasonable diligence."

As an initial matter, petitioner provides no explanation for his failure to file an application for leave to appeal under MCR 7.205(A) (providing that "[a]n application for leave to appeal must be filed within 21 days"). Rather, petitioner waited nearly one year to file a delayed application for leave to appeal under MCR 7.205(F). While the Michigan Court of Appeals considers delayed applications, they are, after all, late appeals under the court rules, and treated as such. *See* MCR 7.205(F)(1) (when considering a delayed application for leave to appeal, the Michigan Court of Appeals "may consider the length of and reasons for delay in deciding whether to grant the application.").

In addition, the Rule 5 materials (which the court did not have on initial screening) reflect that petitioner did not provide any explanation to the Michigan Court of Appeals for his untimely filing of the delayed application for leave to appeal as required under the court rules. *See* MCR 7.205(F)(1) (providing that an appellant seeking a delayed application for leave to appeal must "file 5 copies of a statement of facts explaining the delay"). A litigant exercising reasonable diligence should follow the applicable court rules, especially when the rules require an explanation for a delay.

It was not until after the Michigan Court of Appeals dismissed the delayed application for leave to appeal as untimely that petitioner acknowledged that he missed a filing deadline and blamed unidentified MDOC personnel for causing him to file an untimely application. Under these circumstances, while petitioner pursued his rights in the Michigan Court of Appeals, the court does not view his actions as pursuing his rights with "reasonable diligence."

But even assuming, *arguendo,* that petitioner met the diligence requirement, the record in this case does not reflect that "some extraordinary circumstance" stood in petitioner's way and prevented the timely filing of his delayed application for leave to appeal. Petitioner's April 23, 2008 affidavit explaining the untimely filing is a vague document which omits critical facts, such as the second and third dates when he submitted requests for photocopying and the circumstances surrounding the requests (e.g., identifying the prison officials to whom he submitted the requests).

Respondent, on the other hand, asserts that petitioner made only one request for photocopies, and supplies the only evidence of photocopying requests provided by either party. It is the February 12, 2008 disbursement authorization. This document does not support petitioner's statement that he intended to file the appeal on February 7, 2008. The February 12, 2008 photocopy

9

request did not advise prison personnel of any urgency, e.g., that the filing date had passed, that the request needed immediate attention, or that this was petitioner's third request for copies. Rather, the disbursement authorization appears to be an unremarkable document requesting photocopies of court documents that needed to be filed on "Fe 19th 2008." In fact, petitioner states in the document that the "Filing Deadline Date" was February 19, 2008. This record is strong contemporaneous evidence that petitioner believed that the filing deadline was February 19, 2008 (rather than February 7, 2008 as he now claims), and that he provided an incorrect filing date to the MDOC personnel responsible for photocopying the brief.[5]

"It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). A "garden variety claim of excusable neglect," such as a simple miscalculation that leads to a missed filing deadline, does not warrant equitable tolling. *Holland*, 130 S. Ct. at 2564. For these reasons, petitioner is not entitled to equitable tolling and his petition should be dismissed.

### V.     Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED** Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  February 3, 2012                         /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge

---

[5] If petitioner did not miscalculate the deadline, and knew that the delayed application was due on February 7, 2008, then he misrepresented the actual filing date to the MDOC. If the latter is true, then this would be further evidence that petitioner did not act with reasonable diligence in pursuing his appeal.

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).