UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINITY MILFORD MATTHISEN,

        Petitioner,

                                        CASE NO. 1:08-CV-1137

v.

                                        HON. ROBERT J. JONKER

SHIRLEE A. HARRY,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 34), as well as Objections made by Plaintiff (docket # 39). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## BACKGROUND

A jury in Calhoun County convicted Petitioner of assault with intent to murder, felon in possession of a firearm, and three counts of possession of a firearm during commission of a felony.

(docket # 34, at 1.) Petitioner timely appealed, but the Michigan Court of Appeals affirmed the convictions and the Michigan Supreme Court denied petitioner's application for leave to appeal. *People v. Matthisen*, No. 128977 (Mich. Oct. 31, 2005). Petitioner then filed a motion for relief of judgment under M.C.R. 6.500 *et seq.* and a motion for appointment of counsel, which were both denied on January 16, 2007. (docket # 34, at 2.) Petitioner filed a motion for reconsideration, which the trial court denied on February 7, 2007. (*Id.*) Petitioner then filed a delayed application for leave to appeal the February 7, 2007, order, which the Michigan Court of Appeals docketed on February 15, 2008. (*Id.* at 3.) The delayed application was denied as untimely under M.C.R. 7.205(F)(5).[1] The Michigan Court of Appeals' denied petitioner's motion for reconsideration, and the Michigan Supreme Court denied Petitioner's application for leave to appeal. (*Id.* at 4.) Following this final denial, Petitioner filed the habeas petition currently before the Court. (docket # 1.)

Petitioner does not dispute that he filed his application for leave to appeal outside of the applicable one-year statute of limitations. Rather, he argues that equitable tolling should apply because he correctly identified the one-year deadline and provided his appeal materials to prison officials nearly three weeks prior to that deadline to copy and to prepare for filing, but that prison officials inexplicably and inexcusably delayed in preparing the materials, resulting in Petitioner missing the one-year cut-off. (docket # 12.) Based on Petitioner's representations, the Court concluded that summary dismissal of Petitioner's § 2254 petition at the screening stage was not warranted, and permitted the case to proceed so that the factual record could be sufficiently

---

[1] The Report and Recommendation fully sets forth the relevant portions of M.C.R. 7.205(F) that were in effect when petitioner filed petition.

2

developed to determine if Petitioner indeed raised a meritorious equitable tolling basis that would excuse his delay. (*Id.* (citing Rule 4, RULES GOVERNING § 2254 CASES).) After a de novo review of the more fully developed record, however, the Court **ADOPTS** the Report and Recommendation, and **DENIES** Petitioner's § 2254 petition.

## ANALYSIS

**A.     Petitioner's Objection to the Report and Recommendation is untimely.**

As a preliminary matter, the Court notes that Petitioner's Objection was filed late. The Report and Recommendation was filed on February 3, 2012. (docket # 34.) Petitioner subsequently filed a Motion for Extension of Time to file an objection on February 21, 2012, which the Court granted to March 1, 2012. (docket # 37.) Despite this accommodation, however, Petitioner did not file an objection until March 13, 2012. (docket # 40.) In the Objection, Petitioner's only explanation was that he relies on other prisoners to assist in preparing his court documents, and that due to his *in pro per* status, the Court should excuse his delay and address his Objection on the merits. The Court certainly cannot condone this delay, as all prisoners, due to their circumstances, face similar challenges as Petitioner but are able to observe the timing requirements the court rules impose. However, given the applicable standard of review and to allow for Petitioner's arguments to be considered on the merits, the Court will consider the Objections and address them in its *de novo* review of the Report and Recommendation.

**B.     Petitioner has failed to demonstrate that equitable tolling applies to excuse his untimely application for leave to appeal, and the Court therefore denies Petitioner's habeas petition on this basis and adopts the Report and Recommendation.**

Petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his appeal rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented

timely filing.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010).  Following initial screening in this matter, Respondent supplemented the record with a litany of Rule 5 materials (docket ## 18-31), as well as a copy of Petitioner's February 12, 2008, disbursement authorization form requesting photocopies of the appeal materials at issue in this case.  (docket # 5.)  After reviewing these additional materials, the Magistrate Judge concluded that Petitioner failed to diligently pursue his appeal rights and was therefore precluded from claiming the benefit of equitable tolling.

As the Magistrate Judge aptly noted, Michigan law generally requires  "[a]n application for leave to appeal . . . within 21 days" of final judgment.  (docket # 34, at 8 (citing M.C.R. 7.205(A)).)  In this case, however, Petitioner "waited nearly one year to file a delayed application for leave to appeal under M.C.R. 7.205(F), which required Petitioner to provide "a statement of facts explaining the delay."  (*Id.*)  The Rule 5 materials indicate that Petitioner did not provide any explanation as to why he waited nearly a year to pursue an appeal.  (*Id.* at 8-9.)  The Rule 5 materials also failed to explain why his filing under the one-year statute of limitation was untimely.  (*Id.*)  Moreover, the Magistrate Judge noted that even if Petitioner met the diligence requirement, the February 12, 2008 photocopy authorization form indicates that Petitioner did not formally request photocopies until *after* the appeal period had expired on February 8, 2008.  (*Id.* at 9.)  For these reasons, the Magistrate Judge held that equitable tolling did not apply to excuse Petitioner's tardiness, and recommended that the Court deny Petitioner's § 2254 petition.  (*Id.* at 11.)

Petitioner raises three objections to the Magistrate Judge's Report and Recommendation. First, Petitioner states that he in fact filed a "Statement Explaining Delay" in his delayed application to the Michigan Court of Appeals, and the Magistrate Judge's conclusion to the contrary was in

error.  (docket # 40, at 4-5.)  After carefully reviewing the Rule 5 Materials, the Court concludes this argument is without merit.  While Defendant did provide some conclusory statements regarding the delay in the motion for reconsideration that was filed with the Michigan Court of Appeals, these statements were not part of the initial application for leave to file an appeal.  To the contrary, no "Statement Explaining Delay" or any other explanation as to why Defendant waited one year to pursue his appellate rights appears anywhere in the record.  The record simply does not support Petitioner's claim.

Second, Petitioner argues that the photocopy disbursement authorization form was filled in by an MDOC employee, and therefore the dates and information on it are unreliable and should not be afforded any evidentiary weight.  (docket # 39, at 3-4.)  This argument is unpersuasive.  The form provides a "date submitted" of February 12, 2008, next to Petitioner's own signature.  (docket # 17-2, at 2.)  The "date received" was also February 12, 2008, as was the "date processed."  (*Id.*)  The "Filing Deadline Date" was February 19, 2008.  (*Id.*)  Even assuming an MDOC employee (and not Petitioner) filled out some or all of the photocopy authorization form, Petitioner does not dispute that he signed the form upon receipt of the documents.  Despite signing the document, Petitioner made no discernable attempt to change any of the dates on the form, or otherwise dispute their accuracy, either on the form itself or in his application for leave to appeal.

The Affidavit of Beverly Weathersby, a Muskegon Correctional Facility Counselor, that Petitioner provided in support of his Objection does not cure this deficiency in Petitioner's application for leave to appeal.  Rather, Ms. Weathersby states that "I don't recall the specific time and dates, [but the photocopies of Petitioner's legal work] was an ongoing issue for approximately two to three weeks during mid-January to early February, 2008, before he was finally able to get his

5

copies made." (docket # 40-1.)  Ms. Weathersby affidavit does not establish that Petitioner requested his appellate materials to be copied in mid-January, or that the prison was in fact responsible for any delay in processing Petitioner's request once it was actually filed.  And in any event, this affidavit and the alleged activity it addresses does not explain the one-year delay in Petitioner filing his application for leave to appeal.

Finally, Petitioner argues that the Magistrate Judge erroneously concluded that he did not pursue his state appellate rights with "reasonable diligence," given his photocopying efforts before the one-year deadline and all the facts in the record.  (docket # 39, at 5-8.)  For the reasons set forth above, the Court finds this argument is unpersuasive.  Petitioner failed to adhere to deadlines and substantiative requirements of M.C.R. 7.205(F) when he filed his application for leave to appeal, and has not articulated a persuasive basis for equitably tolling the statute of limitations to excuse this delay.

**ACCORDINGLY, IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, filed February 3, 2012 (docket # 34.).

**IT IS FURTHER ORDERED** that Plaintiff's habeas petition under 28 U.S.C. § 2254 (docket # 1) is **DENIED**.

This case is now closed.

/s/Robert J. Jonker\
ROBERT J. JONKER\
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2012

6